Woolridge *v.* Page.

WOOLRIDGE, Assignee, *v.* PAGE, Executor *et als.*[1]

1. ADMINISTRATOR.  *Scire facias   Defense thereto.*   To a *scire facias* sued out by a judgment creditor, to subject the realty descended to the heir, the latter may make all the defenses that were, could or should have been made by the personal representative in the original action, - the judgment against the personal representative being only *prima facie* evidence of indebtedness against the heir. He may also make an issue with the personal representative as to mismanagement and waste of personalty.

2. SAME.  *Plea of plene administravit.   Heir.*   Where there is no plea of fully administered in the original action, there can be no other proceedings at law against the heir.

[1] This case, decided at Jackson, is published here, because the case of *Henry* v. *Mills, post* page 144, refers to this and is upon the same question.

Woolridge *v.* Page.

3. SAME. *Sale of realty. Statute of limitations.* Where a creditor commences suit against the personal representative within two years and six months from his qualification, and prosecutes diligently to judgment, the statute of limitation of seven years is not a bar to a bill filed more than seven years after the death of the debtor, alleging exhaustion of personalty and seeking a sale of the realty in satisfaction of the judgment.

4. SAME. *Statute of limitation.* In this character of proceeding there is no express limitation in favor of the heir. There is no rule by which he may protect his estate at any length of time from the death of the ancestor, except by construction he has the benefit of the limitation of two and a half or three and a half years (as the case may be), prescribed for suits against the personal representative.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

WALKER, GANTT & PATTERSON for complainant.

HUMES & POSTON & WILSON and BEARD for defendants.

TURNEY, J., delivered the opinion of the court.

In March, 1867, W. M. Folwell died testate, in Shelby county. Defendants qualified as executors of his will in April, 1867. P. G. Meath brought suit for a debt alleged to be due from the testator. At the September term, 1876, of this court judgment was rendered against the executors for $23,633.00, in the name of Woolridge, assignee, etc., of Meath.

On the 4th of December, 1876, Woolridge filed a bill in the Chancery Court at Memphis against the executors and devisees of Folwell, alleging the foregoing facts, and also that the personal assets were exhausted, and praying a sale of real estate for the

satisfaction of the judgment.    The bill was demurred to upon the ground that it was barred by the statute of limitations of seven years.    Demurrer was sustained and the cause appealed.

At the April term, 1877, of this court, Woolridge sued out a *scire ·facias* against the devisees of Folwell, to show cause why the judgment should not be revived, to be satisfied out of the real estate devised to them.    The causes are heard together.

We think the objection to the jurisdiction on the *sci. fa.* is well taken.    In answer to that writ, the parties defendant may not only make all the defenses that were, could or should have been made by the executors to the original action, but may also make an issue with the executors as to their management and waste of the personalty, the judgment against the executors being only *prima facie* evidence of the indebtedness against the devisees; and while the inquiries thus involved can perhaps only be had in a court of original jurisdiction, yet we are saved an investigation and determination of the question, by the fact that there was no plea of fully· administered in the suit at law, without which no proceeding at law can now be had against the heir or devisee.

The demurrer to the bill is based upon sections 2281 and 2786 of the Code.    The first is in Article 13, entitled "Limitations of suits against personal representatives;" and in the words, "Infants, persons of unsound mind and married women may bring their several actions within one year after the removal of their disabilities, notwithstanding the lapse of said pe-

riods of two and three years, so that such suit be brought within seven years after the death of the debtor, if the cause of action accrued in his lifetime, or otherwise, within seven years from the time the cause of action accrued."

The other is in Article 3, under the title "Limitation of actions other than real," and in the words, "But all actions against the personal representatives of a decedent for a demand against said decedent, shall be brought within seven years after his death, notwithstanding any disability existing, otherwise they will be forever barred."

These two sections are the act of 1715, ch. 48, sec. 9, except the first clause of sec. 2281, containing a saving in favor of persons under disability, and which is a proviso from the act of 1789, ch. 23, sec. 4.

Many authorities are cited by solicitors for defendants, the first being the case of *Smith* v. *Hickman's heirs*, Cooke's R., 329; the facts of that case are, the ancestor of the defendants, sometime in the spring of 1789, executed an obligation to the complainant, binding him to convey six hundred acres of land in a reasonable time; the ancestor died in 1791, leaving defendants his heirs at law; administration of his personal estate was committed to his wife and two other persons; the obligation had not been complied with, the defendants refused to satisfy it; a large estate, real and personal, had descended to them; the bill sought a specific performance, and was filed more than seven years after the death of the ancestor, and was the first and only suit ever instituted upon the obli-

gation to convey. The acts of limitations of 1715 and 1789 were relied on by the defendants as a bar.

In that case the only questions discussed and decided, that in any way aids in the investigation now before us, is, whether the statute of seven years protected the heir as well as the personal representative, the court holding, that it protects the one as well as the other, that statutes of limitations are made for the peace and quiet of the people. This holding was in response to the position of complainants, that no statutes of limitations did, or could, apply in the particular case

It is to be observed further of that case, the time within which to sue the personal representatives had elapsed, no suit had ever been brought against them, nor could it have been maintained at the date of the filing of the bill.

The case of *Lewis, Ex'r,* v. *Hickman's Heirs and Adm'rs,* is very similar to *Smith* v. *Hickman,* and was determined upon its authority; no suit was instituted until after the lapse of seven years from the death of the ancestor and intestate.

In *Pea* v. *Waggoner,* 5 Hay., 1, the bill charged that the complainant, as administrator, had in the course of his administration paid debts due from the intestate, to a considerable amount more than the assets which came to his hands, and prayed to be re-imbursed out of the real estate which descended to the heir. The intestate had been dead more than seven years, and no suit brought within that period after the death. The claim was held to be barred, and we think

properly. By the payment of the debts, the administrator placed himself in no better condition than were the creditors to whom he paid: he was merely substituted to their rights and restrictions and must, as they would have been required to do, have instituted proceedings for the recovery of those debts within the time prescribed by statute.

*Johnson* v. *Dew*, 5 Hay., 224, holds, that the words "shall make their claim," means shall bring their suit within seven years, or otherwise be barred.

In *Peck* v. *Watson's heirs*, M. & Y., 353, a judgment had been obtained against the administrator in June, 1811, and no steps taken to subject real estate descended to the heir for more than seven years, and perhaps as much as fifteen or sixteen years elapsed after the judgment against the personal representative before suit against the heirs; the case was determined by this court in 1828, when there was no delay, or cause for delay, in the disposal of causes. The debt was lost by laches and not by any statute of limitations.

*Williams* v. *Conrad*, 11 Hum., 412, holds, that a person claiming a life interest in slaves agreed to be conveyed upon certain trusts, by a person who afterwards dies, may be barred by failure to assert the claim against the estate within seven years after the death.

In *Stone* v. *Sanders*, 1 Head, 249, administration was granted in March, 1848, no suit ever brought against the administrator. In October, 1857, nine and a half years after the appointment of the administrator, a bill

Woolridge *v.* Page.

is filed to subject slaves or the proceeds of the sales in hands of heirs to the payment of debts; there was a demurrer and the bill dismissed.

*Earles* v. *Earles,* 3 Head, 366, decides, "If the purchase money to acquire title to land is paid by one person, but the title made to another, and the party in whom the legal title is vested dies, suit to establish a trust must be instituted within seven years after the death of such party, or the claim will be barred by the act of 1715."

In the case of *Wayne Davidson* v. *Evans, adm'r et al.,* manuscript opinion by Deaderick, C. J., the death was in 1864, administration granted in 1865, no suit appears to have been against the administratrix, and the bill to subject lands was filed in 1874, ten years after the death.

In *Venable* v. *Estill* and *Loughmiller* v. *Estill & Venable,* the debtor died in 1857, the bill filed to reach the real estate in 187–, with nothing to show, as against the heirs, any suit or judgment. against the administrator.

In this last case the writer of this opinion, having been of counsel, took no part in its consideration, but was present at the consultation, and distinctly remembers the conclusion was concurred in, for the reason already stated, and the further reason that assets were in the hands of the administrator. In view of these facts, it was determined to be unnecessary to pass upon the question of the statute of limitations.

In all the foregoing cases it distinctly appears, either that there never had been suits instituted against

the personal representative and judgment obtained, **or** if there had been, more than seven years had been allowed to elapse between the time of the obtention of said judgment and the institution of proceedings to reach the lands descended or devised. In none of them is the question involved in this case presented.

By our statute, Code, sec. 51, "The word 'property' includes both personal and real property."

By sec. 2252 of Code, "Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his debts."

It is well established, both by statutory enactment and judicial decision, that personal property is primarily liable for the payment of debts, and in cases of claims against the estate of dead men, the personalty in the hands of the representative must be exhausted before lands in the hands of the heir or devisee can be reached to satisfy such claims or debts; this being so, the personal representative must be first called on by suit to pay debts due from his testator or intestate; whether he has the assets with which to pay, must be determined ordinarily by the result of the suit against him, and perhaps by the return of *nulla bona* to execution process. The heir has the right to demand that all this shall be done, before he is vexed, and even then he may contest *ab initio* the claim of the creditor and the administration of the representative, before his descent cast can be interrupted.

In this case suit was brought in time and prosecuted to its termination with diligence, without delay, upon the discovery of a want of personal assets to pay

Woolridge *v.* Page.

the debt; this bill is filed to reach the real estate, which is *assets for the payment of debts.* Every step has been taken without *laches* or delay on the part of complainant to secure his debt; he made his claim, brought his suit in the time allowed.

We are of opinion the statute means to bar only such claims as are not demanded by suit within the time prescribed, after the death of the debtor, whether brought against the representative or heir. That the proper institution of suit against the administrator or executor within time will save the bar of the statute as to realty as well as to personalty. There is no provision in the statute for a limitation as to the heir or devisee. It is by construction he is allowed to avail himself of this defense. The courts have construed the acts to protect the entire estate unless suit is brought against the representative within a prescribed time. If we take from the statute book the provision for defense, because of lapse of time by the representative, there is no rule by which the heir may protect his estate at any length of time from the death of the ancestor; then, if the proposition that suit must be brought against the representative within a defined period or the right against the estate be extinguished be true, we think the converse equally true, that is, that the bringing of suit within the time prevents the bar as to the entire *assets* of the estate.

Reverse decree and remand the case for further proceedings.

FREEMAN, J., dissenting.